IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PAO XIONG, )
 )
    Plaintiff, )
 )
 ) No. CIV-17-875-R
v. )
 )
WILLIAM McCORMICK, et al., )
 )
    Defendants. )

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se*, brings this action seeking relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On August 18, 2017, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis pursuant to 28 U.S.C. §§ 1915 and 1746. Having considered the

---

[1] Although Plaintiff completed his Complaint on a form for a 42 U.S.C. § 1983 action, he is a federal prisoner seeking relief for actions/omissions by federal correctional officers during his federal confinement. Accordingly, the cause of action is generously construed as one seeking relief under the Bivens decision. See Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006)(recognizing "Bivens action is the federal analog to suits brought against state officials under [§ 1983]"); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)("The purpose of Bivens is to deter individual federal officers from committing constitutional violations.").

1

Motion, the undersigned finds that Plaintiff is entitled to proceed in this action without prepayment of any portion of the filing fee, and the Application (Doc. # 5) is GRANTED.

In his Complaint, Plaintiff names William "Billy" McCormick, a unit counselor at the El Reno Federal Correctional Institution ("FCI El Reno"), and Jennifer Turnage, a unit case manager at FCI El Reno, as Defendants. Plaintiff alleges that he filed an administrative appeal of an adverse disciplinary decision on September 8, 2015, and "[a]s a consequence of this matter," he was charged with a misconduct "for food that was authorized by cafeteria correctional officer Melsek for the holiday meal of Veterans' Day" after he was subjected to a retaliatory search of his cell conducted by correctional officer Robert Simmons.

Plaintiff further alleges that he was "capriciously" found guilty of the misconduct of possession of the "contraband in question, burgers," by a unit disciplinary committee even though officer "Melsek authorized the entire federal prison camp to acquire and take federally issued food back to our respective housing units."

In a sole claim asserted in the Complaint, Plaintiff alleges a "[v]iolation of 38 C.F.R. § 541 and C.F.R. applicable to inmate personal property and contraband." Plaintiff has attached a 4-page sworn statement to the Complaint. In this statement,

2

Plaintiff sets forth a chronological series of events beginning on July 23, 2015, when Plaintiff was transferred to FCI El Reno. Plaintiff states that he was charged with a misconduct on August 19, 2015, that a disciplinary hearing was conducted on the misconduct charge on August 19, 2015, that he appealed the disciplinary decision on September 9, 2015, that he was then issued a misconduct for "violating code 305" on September 9, 2015, that he was found guilty of the misconduct in a disciplinary proceeding conducted on September 9, 2015, and that he unsuccessfully appealed or was thwarted by prison officials in his efforts to appeal the adverse disciplinary decision.

Plaintiff has also attached to the Complaint a copy of an Incident Report form, which is identified on its face as "report 2758590." In this Incident Report, correctional officer Hooks states that on September 8, 2015, Plaintiff was charged with a misconduct of "Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." Officer Hooks states that "[w]hile conducting a random search of cell F01-08 I found 6 cooked beef patties wrapped in plastic, inside of inmate Xiong's assigned locked locker." Complaint, att. 1.

The Incident Report also sets forth Plaintiff's statement in response to the misconduct charge. In this response, Plaintiff states that "[t]he pattys [sic] are mine.

3

There were 3 patties not 6. The sign in food service said bring your bowl. So I did and took the patties." Id.

The Incident Report states that in a disciplinary hearing conducted on September 9, 2015, Plaintiff was found guilty of committing the misconduct, described as "code[s] 305," "based on the body of the report, Section 11, the officer's statement, [and] the inmate's admission of guilt." Id. The portion of the Incident Report setting forth the disciplinary committee's findings bears the signatures of "B. McCormack" and "J. Turnage." These officers, who are the named Defendants in this action, noted on the form that Plaintiff was found "guilty of 305" and that his consequence was "LP Phone for 30 days." Id.

I. Statutory Screening of Prisoner Complaints

The court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the court has a duty to screen the complaint to determine its sufficiency. See 28 U.S.C. § 1915(e)(2). In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. §§1915A(b) and 1915(e)(2) has been conducted, and based upon this review the undersigned recommends dismissal of the cause of action on filing.

5

II. Immunity of Federal Officials Acting in their Official Capacities

Plaintiff alleges in the Complaint that Defendants were acting in their official capacities as federal employees at the time his claims arose. It is not clear whether Plaintiff is seeking to hold Defendants liable in their official or personal capacities or both. Construing his cause of action liberally as alleging Defendants are liable in both their official and individual capacities, Defendants are immune from Plaintiff's action seeking relief against them in their official capacities.

Plaintiff's claim against Defendants for "wrongdoing while operating in [their] official capacity as a United States agent operates as a claim against the United States." Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001). However, the federal government's "sovereign immunity means that the United States cannot be sued without its consent." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992), Hence, federal courts lack subject matter jurisdiction over claims against the United States where the United States has not waived its sovereign immunity. Iowa Tribe of Kan. And Neb. V. Salazar, 607 F.3d 1225, 1232 (10th Cir. 2010).

Congress has not extended the Bivens remedy to federal agencies or the United States. Malesko, 534 U.S. at 71-72; FDIC v. Meyer, 510 U.S. 471, 486 (1994); Smith v. United States, 561 F.3d 1090 (10th Cir. 2009)(holding "Bivens

claims cannot be asserted directly against either the United States or federal officials in their official capacities or against federal agencies"). Plaintiff has not identified any waiver of this immunity. Therefore, Plaintiff's claims against the Defendants in their official capacities should be dismissed pursuant to 28 U.S.C. § 1915A(b) on the ground of sovereign immunity.

III. Retaliation

Plaintiff has alleged that Defendants retaliated against him by conducting a search of his cell and charging him with a misconduct for possessing contraband items found during the cell search. To state a First Amendment retaliation claim, a specific test is applied requiring the plaintiff to prove "(1) that [he] was engaged in constitutionally protected activity; (2) that [each] of defendants' actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that [each] defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct." Leverington v. City of Colo. Springs, 643 F.3d 719, 729 (10th Cir. 2011).

Plaintiff alleges that he filed an administrative remedy concerning a previous misconduct on the same day that a search of his cell was conducted by prison officials. It is clear from Plaintiff's own attachments to the Complaint that the only

7

action taken by Defendants McCormick and Turnage was their participation in a unit disciplinary committee hearing in which Plaintiff was found guilty of a misconduct of "[p]ossession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels." Complaint, att. 1. Defendants McCormick and Turnage provided an explanation for the decision, and Defendants' stated reasons for the guilty finding included Plaintiff's own admission that he took food from the prison's food service area because "[t]he sign in food service said bring your bowl." Id.

The Incident Report which charged Plaintiff with possession of contraband food was issued on September 8, 2015, by officer Hooks and delivered to Plaintiff by officer Hooks on the same date. Assuming Plaintiff's allegation that he "filed administrative remedy 835435 to appeal 2743924" on the same date is true, Plaintiff has not shown that Defendants McCormick and Turnage took "adverse action" that was "substantially motivated as a response to [Plaintiff's] exercise of constitutionally protected conduct." Id. Plaintiff has failed to allege that Defendants McCormick and Turnage were even aware that Plaintiff had filed an administrative appeal of a previous disciplinary decision or that Defendants McCormick and Turnage had any responsibility over the timing of cell searches at the prison.

The only evidentiary support for Plaintiff's retaliation claim is the close

temporal proximity between his alleged filing of an administrative appeal and the alleged retaliatory cell search and misconduct charge. Cf. Smith v. Maschner, 899 F.2d 940, 949 (10th Cir. 1990)(reversing summary judgment where "circumstantial evidence of the suspicious timing of [plaintiff's] discipline, coincidental transfers of his witnesses and assistants, and an alleged pattern by defendants of blocking his access to legal materials and assistance" was sufficient to create jury question concerning First Amendment retaliation claim). Without more, this factor is insufficient to state a claim of First Amendment retaliation, and Plaintiff's cause of action should be dismissed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted and on the ground of sovereign immunity. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 11th    , 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this   22nd   day of   August  , 2017.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE