IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAO XIONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-875-R |
| | ) |
| WILLIAM McCORMICK, | ) |
| JENNIFER TURNAGE, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is the Supplemental Report and Recommendation of Magistrate Judge Gary M. Purcell (Doc. 23) screening Plaintiff's pro se Amended Complaint (Doc. 17) under the Administrative Procedure Act ("APA"). Judge Purcell recommends dismissal, and Plaintiff filed a timely objection. *See* Doc. 25. Plaintiff, a former inmate at El Reno Federal Correctional Institution, sues Bureau of Prisons ("BOP") officials to challenge discipline he received—"institutional remedy 275890," over a month of segregated housing in the special housing unit ("SHU"), and a transfer to the Oklahoma City ("OKC") Federal Transfer Center—in a September 9, 2015, hearing for allegedly "stealing burgers." *See* Doc. 17, at 4–5. Plaintiff alleges that his discipline violated the First Amendment and the APA, 5 U.S.C. § 706(2)(A)–(B), (D)–(E), which compels agencies to set aside unlawful "actions, findings, and conclusions." *Id.* at 3. The Court reviews the Amended Complaint de novo and finds that dismissal is warranted because the APA, 5 U.S.C. § 701(a)(1), bars judicial review when a statute precludes it, and 18 U.S.C. § 3625 expressly states the "Inapplicability of the [APA]" in this context.

1

In screening Plaintiff's Amended Complaint in forma pauperis (Doc. 6), the Court must dismiss any portion that is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(a)–(b); 42 U.S.C. § 1997e(c)(1)–(2); *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). Further, while the Court construes a pro se litigant's pleadings liberally, it "should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992); *see Kay*, 500 F.3d at 1218. The standard of review for dismissal under § 1915(e) is the same as for Rule 12(b)(6) dismissal for failure to state a claim. *Id.* at 1217. The Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)). The complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Conclusory allegations are not entitled to the Court's presumption for Plaintiff. Instead, he must plead facts that at least make the claims plausible and raise the "right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Putting aside the obvious fact that the Amended Complaint far exceeds a "short and plain statement,"[1] Fed. R. Civ. P. 8(a)(2), the Court agrees with Judge Purcell's conclusion that 18 U.S.C. § 3625 precludes judicial review of Plaintiff's APA suit, but departs in the

---

[1] The Amended Complaint is 57 pages, 12 pages of which detail irrelevant facts, and it includes 113 pages of exhibits. *See* Doc. 17, at 13–24.

reasoning. Section 3625 states that the APA—including the provisions that Plaintiff relies on for relief—does "not apply to the making of any determination, decision, or order under this subchapter." *See* Doc. 17, at 3, 52 (relying on 5 U.S.C. §§ 702, 704, and 706 for judicial review). Judge Purcell characterizes "this subchapter," 18 U.S.C. §§ 3621–3626, broadly as "governing imprisonment of those convicted of a crime," meaning that that any APA challenge to BOP discipline would be shielded from the APA. Doc. 23, at 7. But the 3625 exception is not so broad. Instead, as Plaintiff notes, courts have declined to apply the APA to BOP disciplinary proceedings only when a plaintiff challenges a decision under a specific provision of 18 U.S.C. §§ 3621–3626, such as "the place of the prisoner's imprisonment" in Section 3621(b) or the reduction of "good-time" credit in Section 3624. Doc. 17, at 52; Doc. 25, at 3–4; *see, e.g.*, *Jordan v. Wiley*, 411 F. App'x 201, 214 (10th Cir. 2011) ("We determine that [Section 3625] bars APA review of BOP substantive disciplinary determinations involving the reduction of good-time credits"); *Emerson v. United States*, 191 F.3d 455 (7th Cir. 1999) (unpublished) (citing 18 U.S.C. §§ 3621(b), 3625) (finding that the plaintiff's "request for review of the BOP's decision to incarcerate him at a particular facility" is "not subject to judicial review").

Plaintiff attempts to evade Section 3625 by pleading that he is not targeting his transfer to the OKC Transfer Center, "a separate event altogether." Doc. 17, at 52. He claims the transfer is instead one of the claims in his "unrelated" *Bivens* suit before the Court in Case No. CIV-17-873, whereas this suit challenges the "September 9, 2015 Unit Disciplinary Committee ('U.D.C.') prison disciplinary hearing decision." Doc. 25, at 12.

3

Doc. 17, at 3. By this logic, Plaintiff argues, "18 U.S.C. § 3621 has no opportunity for application." Doc. 17, at 52.

Plaintiff's problem, however, is that his actual factual allegations preclude this argument. Liberally construed, the Amended Complaint alleges that the discipline he received from that hearing's "guilty" finding was "that Xiong was . . . thrown in the SHU and transferred." *Id.* at 34; *see also id.* at 5, 37, 39, 43–44, 46, 48, 50 (challenging his transfer). It also appears that El Reno housed Plaintiff in the SHU merely as a holdover until it could process his transfer. *See id.* at 5 ("Xiong was thown in the SHU . . . after the conclusion of the prison proceedings for IR 2758590. . . . After a concentrated effort of seeking administrative relief . . . I was transferred from the ERE SHU to the O.K.C. Transfer Center on 10-13-15."); Doc. 17-8, at 2. The Amended Complaint requests reversal of that disciplinary decision and "expungement of any and all records in relation to said decision." *Id.* at 51; *see also id.* at 4 ("Xiong initiated administrative remedy . . . to seek relief from the *results* of the prison disciplinary proceedings . . . .") (emphasis added).

A convicted federal prisoner is "committed to the custody of the Bureau of Prisons" until the expiration of his sentence, and the BOP "shall designate the place of the prisoner's imprisonment" subject to various factors for consideration. 18 U.S.C. § 3621(a)–(b). One of those factors is "the history and characteristics of the prisoner." *Id.* § 3621(b)(3). Therefore, if the BOP finds that a prisoner's background and behavior present a particular risk to a facility or that he would be better served in another facility, the BOP can order a transfer. When it does so—and makes similar decisions under Section 3621 regarding "the place of the prisoner's imprisonment"—Section 3625 states that the APA "do[es] not apply

to the making of [that] determination [or] decision." Accordingly, when the BOP made the "September 9, 2015 U.D.C. prison disciplinary hearing" decision that sent Plaintiff to the SHU and caused his transfer to the OKC Federal Transfer Center, that decision was precluded from judicial review.[2] *See* 5 U.S.C. § 701(a)(1) (APA providing for judicial review of agency action unless a "statute[] preclude[s]" it).

If the Court were to read Plaintiff's Complaint any other way—ignoring the actual injury at issue—then Plaintiff would not be able to meet his burden to show standing to bring suit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The reason Plaintiff has standing to challenge his discipline and Defendant's' alleged failure to hear his related grievances is because of the injury, his month-long stint in the SHU and transfer. *See id.* at 560–61 (requiring a "concrete and particularized" legally protected interest to satisfy the "injury in fact" element of standing). As Plaintiff repeats in the Amended Complaint and objection to the Report, the discipline did not cause a reduction of "good-time" credits that would affect his sentence. Doc. 17, at 52; Doc. 25, at 3–4. Thus, without a sentencing change or disciplinary placement at issue, all that would be left for Plaintiff to challenge is the mere label of "discipline" without actual injury.

In other words, either the Court is statutorily precluded from judicial review of Plaintiff's claims or he lacks standing to bring them. Accordingly, the Report and Recommendation (Doc. 23) is hereby ADOPTED in part as discussed herein, and

---

[2] A contrary reading of the statute risks involving courts with daily prison administration and discipline. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment.").

Plaintiff's Amended Complaint (Doc. 17) is DISMISSED.[3] Further, Plaintiff's (1) Motion to Recharacterize CIV-17-875 From Bivens to APA, Doc. 21; (2) Motion to Change Filing Dates, Doc. 22; and (3) Motion Requesting the Court to Take Judicial Notice, Doc. 26, are DENIED AS MOOT because the Court dismissed Plaintiff's Amended Complaint under the APA and Plaintiff fails to show why the filing dates for this suit or others are relevant.

IT IS SO ORDERED this 14th day of June 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] The Court ignores Plaintiff's Second Amended Complaint, Doc. 24, which he filed without leave to amend a second time. Regardless of which pleading the Court reviews, they appear identical—save for the typewritten versus handwritten difference—which also moots Plaintiff's contention that the Report and Recommendation was premature. *See* Docs. 17, 24.